# CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT

I, Alex Travers, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this continuation in support of a criminal complaint against Steven Michael Fortin for violations of 18 U.S.C § 875(c), interstate communications, 18 U.S.C § 2261A(2), cyberstalking, 18 U.S.C § 117, domestic assault by an habitual offender, and 18 U.S.C §§ 13, 1151, 1152, Michigan Compiled Laws § 750.115, entering without breaking. Based on the information disclosed below, I submit there is probable cause to believe that on or about July 30, 2026, into July 31, 2026, Fortin violated 18 U.S.C § 875(c), interstate communications and 18 U.S.C § 2261A(2), cyberstalking in the Western District of Michigan. I also submit there is probable cause to believe that on or about May 29, 2026, Fortin violated 18 U.S.C § 117, domestic assault by an habitual offender in the Western District of Michigan and on or about June 3, 2026, into June 4, 2026, Fortin violated 18 U.S.C §§ 13, 1151, 1152, Michigan Compiled Laws § 750.115, entering without breaking in the Western District of Michigan. I, therefore, request the Court authorize the criminal complaint and an arrest warrant for Fortin.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since 2022. I am currently assigned to the Detroit Division, Marquette Resident Agency. Prior to my employment with the FBI, I was a police officer for over eight (8) years in Cranston, Rhode Island where I served as a patrol officer, as a member of the department's Special Reaction Team, in temporary

assignments with the department's Special Investigations Unit, and as a patrol sergeant.

3. As an FBI agent, I have investigated and assisted in the investigation of various types of federal criminal violations, including offenses involving interstate communications, stalking, and domestic assault by an habitual offender. As a police officer, I received training and have experience in investigating domestic violence and breaking and entering.

4. The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents, other law enforcement officers, and witnesses. This continuation is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

### I. Indian Country

5. On July 31, 2026, Keweenaw Bay Tribal Police notified the FBI of a complaint in which the subject, Steven Michael Fortin, was threatening the victim (Victim). Tribal police advised that Fortin was believed to be in Minnesota and identified his phone number as ending in -2435. I obtained records from the Keweenaw Bay Indian Community which showed that Victim is an enrolled member of the Keweenaw Bay Indian Community, a federally recognized tribe. The U.S. Attorney's Office informs me that based on her enrolled status, Victim is an Indian as defined by federal law. Based on prior investigations, I also know that Victim's

residence (the Residence) is located on land held in trust by the United States for the benefit of the Keweenaw Bay Indian Community, and is in Marquette County, which is in the Northern Division of the Western District of Michigan. The U.S. Attorney's Office informs me that makes the property Indian Country for purposes of federal law.

## I. Interstate Communications and Cyberstalking

6. On August 3, 2026, I interviewed Victim. Victim reported that she had been in an on-again/off-again, intimate relationship with Fortin since January 2026. Fortin recently relocated to the area of Nashwauk, Minnesota for work, which she believed was a natural break in their relationship.

7. She reported that during the evening of July 30, 2026, into July 31, 2026, while at home, she received threatening Snapchat messages from Fortin, while she was in the Western District of Michigan, and identified his Snapchat username as "stevenohh024" and her username as "tammyj0818". Fortin seemingly believed that Victim was with another male and Victim screenshotted the messages from Fortin, which geolocated him to Lone Pine, Minnesota and Swan Lake. Based on a Google

Maps search, those locations are in Minnesota. Among other things, Fortin told Victim, "I'm omw[1] back and I'm going to kill him and you."[2]

---

[1] Based on my training and experience, "omw" means "on my way."

[2] The U.S. Attorney's Office informs me that to qualify as a threat under 18 U.S.C. § 875(c) it must be a "true threat." The U.S. Attorney's Office informs that the Sixth Circuit's pattern jury instructions define a "true threat" as a "as a statement that is a serious expression of intent to inflict bodily harm on a particular person or a particular group that a reasonable observer would perceive to be an authentic threat."


10:54
Steven
Lone Pine, MN · now
Don't miss Chats from Steven! Enable notifications
Dude blocked me I caught you
Hahahah
You lie
You will always lie
To get what you want
STEVEN DELETED A CHAT
Steven
Hope you get herpes you fucking slut
3 Missed Calls
4m ago
Call Back
I'm calling CPS on youmuat netaling to him huh
I'm find out who it is
Don't worry
Your car is gonna be fucked and so is he
Missed Call
1m ago
Call Back
I'm omw back and I'm going to kill him and you
Good luck
You made me like this
Send a chat


12:30
Steven
Swan Lake · 2m
Don't miss Chats from Steven! Enable notifications
I called someone to come get my shit rn and also the cops
So I'll know if he's there
Missed Call
4m ago
Voice Call
Video Call
I'll be there tm
You fucking cheating lieing ass slut
I'll come meet your new man and beat the fuck out of him screen shit it bby cause I'll be on the news for murder
Fucking slit
Slut
Wyd man
Wtf
Not wyd wyf
Why are you doing thisafter all this shit we planned and talked about you want other men or man
Wtf
I just lost my place to stay and my job
Send a chat




8. Victim also provided a screenshot of her phone's call log from Thursday, July 30, 2026, and Friday, July 31, 2026. The screenshot shows that "Steven," who victim identified as Fortin's number, called her at least 25 times[3]:




9. On July 31, 2026, Victim went to her workplace in Marquette County, which is also within the Keweenaw Bay Indian Community reservation in Marquette

---

[3] Following some of the calls, there is a parenthetical (e.g., "14"), which based on my training and experience reflects multiple missed calls from that number for a single entry.

County. She reported that at approximately 11:30 a.m., Fortin called her work about four (4) times as she recognized Fortin's phone number on the phone's caller identification. Victim asked her coworker to answer the phone and the caller hung up. Victim was later notified that Fortin called her workplace's manager and informed her manager that they needed to drug test Victim because she was selling heroin from the workplace.

10. During my interview with Victim, she became tearful and explained that she was scared. She described feeling uncomfortable thinking about Fortin showing up at the Residence because she had children in the home.

11. Victim called Fortin on Saturday, August 1, 2026, because she felt that she needed to know where he was. She felt afraid that Fortin was going to arrive at her home. During her phone call with Fortin, she learned that Fortin was still in Minnesota.

**II. Domestic Assault by an Habitual Offender**

12. Victim described an incident from May 2026 in which she locked herself in the bathroom at the Residence during an argument with Fortin. Fortin attempted to enter the bathroom by using a butter knife to open the door. When Victim believed that Fortin had left the area of the door, she tried to run outside; however, Fortin grabbed her. Victim tried to fight Fortin off but was unable to. Victim called a third-party who contacted police. Victim did not report the physical altercation to police

because she was aware of Fortin's prior domestic violence history and just wanted him dispersed.

13. Victim had a photograph from June 1, 2026, of bruising on her inner arm from Fortin grabbing her during this incident:




14. Victim provided a cell phone recording from the incident in which she was behind a closed door, believed to be her bathroom, with her foot pressed against it and was arguing with Fortin who was not in the same room as her. At one point in the video, Victim exited the bathroom she was in and appeared to start walking. Towards the end of the video, it appeared as if someone was quickly walking down a

set of stairs. Fortin can then be heard saying something similar to "No" and Victim said, "Don't fuck…" at which point the recording ended.

15. Victim provided a separate recording from the incident. The camera was initially pointed at the ceiling, and it started with Fortin saying, "…fighting." Fortin said that he would leave in the morning and Victim pleaded with Fortin to get off of her.

16. I reviewed a Chocolay Township Police record related to this incident which showed that police responded to Victim's home on May 29, 2026. Victim reported to police that nothing physical occurred and she did not want Fortin at the Residence anymore. Fortin reported to police that he had been staying at the Residence for about three (3) months. Police subsequently transported Fortin to a friend's house.

17. Victim reported being aware that Fortin had a history of domestic violence toward others, which heightened her fear as it relates to the threats and harassing conduct on July 30 and 31, 2026.

18. According to the State of Michigan's public court portal, Fortin has two (2) prior domestic violence convictions. Fortin was convicted on December 5, 2011, of domestic violence in 96th District Court in Marquette County in Case 2011-M111594SM-SM. I reviewed the associated police report from the conviction, and the victim in the case was in a dating relationship with Fortin at the time of the incident.

19. Fortin was convicted on July 23, 2024, of domestic violence second offense in 96th District Court in Marquette County in Case 2023-231122SM-SM. I

reviewed the associated police report from the second conviction, and the victim in the case was in a dating relationship with Fortin at the time of the incident.

**III. Entering Without Breaking**

20. Victim described an additional incident from June 2026. Victim was sleeping in bed with her children after an argument with Fortin. She blocked Fortin and turned off her phone. She was awoken to Fortin standing over her while she lay in bed with her children. Fortin had not been invited to the Residence and Victim had previously set boundaries with Fortin where he was to not go to the Residence without informing her. Victim was able to push Fortin out of the Residence.

21. After leaving the Residence, Victim received a voicemail from Fortin on June 4, 2026, at 12:07 a.m. in which Fortin seemingly called someone to discuss the

incident at the Residence, but his phone was on the line with Victim, and he left the following voicemail:




22. In the voicemail, Fortin described getting drunk and driving to the Residence. Fortin explained that he walked inside and that he had been living there

for the past couple months. Fortin further explained that he walked inside, woke Victim up, he should not have done that, and now it was "all bad."

## CONCLUSION

23. I submit that this continuation establishes probable cause to believe that Fortin committed violations of 18 U.S.C § 875(c), interstate communications, 18 U.S.C § 2261A(2), cyberstalking, 18 U.S.C § 117, domestic assault by an habitual offender, and 18 U.S.C §§ 13, 1151, 1152, Michigan Compiled Laws § 750.115, entering without breaking. I, therefore, request that the Court authorize the criminal complaint and issue an arrest warrant for Fortin's arrest.